SANDFORD v. SINCLAIR.

---

A receiver ought not to be appointed on an *ex parte* application, where an ad-vertisement for the defendant, a non-resident, is running for his appearance, unless special circumstances are shown.

---

JUDGMENT creditor's bill. A motion for a new trial in the action at law had been made; but was not decided. The defendant was out of the country; and the complainant obtained an order to advertise that he appear within nine months. The complainant (while the time was running for such appearance) took an order for a receiver *ex parte*.

*April 22, 1840.*

*Practice.*
*Receiver.*

A suit, similar in its character, had been before the court on a prior day and is referred to by his honor. Motion now made, that the proceedings for the appointment of a receiver be stayed; that the proceedings subsequent to the filing the bill be set aside; and for a stay of all further proceedings until the decision of the supreme court or for such further order as may be proper.

Mr. *J. B. Staples*, for the motion.

Mr. *Sandford*, contra.

THE VICE-CHANCELLOR:—With respect to the propriety of filing the bill in this cause, it stands upon the same footing as the bill of the same *complainant* against *Henry F. Tallmadge*, in which I have held it was prematurely filed and, therefore, refused to appoint a receiver and dissolved the injunction.

Another question is presented in this case, as to the regularity of the order of reference to appoint a receiver; the same having been obtained upon an *ex parte* application. It seems to me that this step is not warranted by what the Chancellor has said in *The People* v. *Norton*, 1 Paige's C. R. 17. The reasons there and the principle on which an *ex parte* order was in that case made, appear to me not to exist here. And in

*Austin* v. *Figueira,* 7 Paige's C. R. 58, the Chancellor has laid down the rule that after the time limited by the rules of the court for the defendant to appear and he does not and the bill has been taken as confessed, the application may be made *ex parte.*

I see no good reason why this should not apply where the defendant is absent and is obliged to be advertised, unless special circumstances are shown to exist—as in *The People* v. *Norton.* In the case before the court, no order has or can at present be entered to take the bill as confessed.

Order : that the order for the appointment of a receiver and all proceedings under it be set aside, with costs to be taxed.